## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER YOUNG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:08-1361** |
| | ) | |
| **MICHAEL MUKASEY,** | ) | |
| **United States Attorney General,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Application, the undersigned concludes that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim, this Court is without jurisdiction to consider Petitioner's claim under Section 2241 and Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus should be denied.

### FACT AND PROCEDURE

On August 28, 2008, Petitioner, acting *pro se*,[2] filed a Petition in the United States District Court for the District of Columbia seeking relief pursuant to 28 U.S.C. § 2241. (Document No. 1.)

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently incarcerated at Elkton FCI, located in Elkton, Ohio.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

By Order entered on October 31, 2008, the District Court for the District of Columbia transferred this matter to this District as Petitioner had been transferred to FCI Beckley. (Document No. 3.) In his Petition, Petitioner alleges that his underlying conviction is invalid because Title 18 was not enacted according to House Parliamentary Rules and provisions of the United States Constitution. (Document No. 1, pp. 1 - 32.) Specifically, Petitioner raises the following grounds of error:

a.   Whether the several adjournments of the 80th Congress in its first and second sessions, during the consideration of H.R. 3190, which later became known as P.L. 80-772 and codified as Title 18 U.S.C. resulted in the death of the bill in accordance with the provisions of the U.S. Constitution and House Parliamentary Rules.

b.   Whether the absence of the necessary quorum during the House vote on P.L. 80-772 rendered the vote null and void in accordance with House Parliamentary Rules.

c.   Whether H.R. 3190, which passed the House on May 12, 1947, and was later amended and textually different when it passed the Senate on June 18, 1948, was significantly separate and distinct requiring a joint committee reconciliation on the full text of the bill rather than mere concurrence by the House on the amendments prior to its presentment to the President for his approval and signature.

d.   Whether the presentment of H.R. 3190 to President Harry S. Truman who subsequently signed the bill into law during Congressional adjournment, failed to meet the quorum, bicameral, and presentment requirements of the U.S. Constitution as set out in House Parliamentary Rules.

e.   Whether the bill presented to Present Harry S. Truman marked was the actual document that had been passed by the House of Representatives.

(Id., p. 4.) Petitioner, therefore, "contends that aforementioned list of defects, viewed singularly or plurally, renders the resultant Title 18 and each of its provisions null and void."[3] (Id.)

_____

[3] On March 7, 2007, Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to Hobbs Act robbery and conspiracy (Counts 1 and 2), in violation of 18 U.S.C. § 1951(a), and using or carrying a firearm during or in relation to a crime of violence and aiding and abetting (Count 3), in violation of 18 U.S.C. §§ 924(c)(1) and (2). *United States v. Young*,

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of

---

Case No. 2:06-cr-0710 (E.D.Penn. Aug. 28, 2008), Document No. 67. On July 2, 2007, Petitioner filed a *pro se* "Motion to Dismiss Indictment for Lack of Personam Jurisdiction, Subject Matter Jurisdiction, and Memorandum of Law." *Id.*, Document No. 89. On November 19, 2007, Petitioner filed a *pro se* "Motion to Withdraw Guilty Plea." *Id.*, Document No. 156. On December 20, 2007, Petitioner, by counsel, filed an Amended Motion to Withdraw Guilty Plea. *Id.*, Document No. 163. On January 3, 2008, Petitioner filed his second *pro se* Motion to Withdraw Guilty Plea. *Id.*, Document No. 167. By Memorandum Opinion and Order dated January 17, 2008, the District Court denied Petitioner's Motions to Withdraw Guilty Plea and Motion to Dismiss Indictment. *Id.*, Document No. 171. On August 28, 2008, the District Court sentenced Petitioner to a 196 month term of imprisonment as to Counts 1 and 2, to run concurrently, and an 84-month term of imprisonment as to Count 3, to run consecutively. The District Court further imposed a three year term of supervised release as to Counts 1 and 2 and a five year term of supervised release as to Count 3, to run concurrently. *Id.*, Document No. 214. On September 2, 2008, Petitioner filed his Notice of Appeal. *Id.*, Document No. 215. The Third Circuit Court of Appeals affirmed Petitioner's conviction and sentence on November 9, 2011. *United States v. Young*, 2011 WL 5384507 (3rd Cir. Nov. 9, 2011).

3

conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of Pennsylvania. Petitioner alleges that he was improperly convicted of violating Title 18 of the United States Code. Specifically, Petitioner contends that his conviction is invalid because Title 18 was not enacted according to House Parliamentary Rules and provisions of the United States Constitution. (Document No. 1, pp. 1 - 32.) Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Therefore, the nature of Petitioner's claims are ones properly considered under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) This District Court therefore lacks jurisdiction to consider Petitioner's claims under Section 2255. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Eastern District of Pennsylvania where Petitioner was sentenced. Accordingly, consideration must be given to whether this matter should be dismissed or transferred to the Eastern District of Pennsylvania. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and the petitioner would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer. See Wilson v. Williamson, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding).

The undersigned finds that a Section 2255 Motion filed with the Eastern District of Pennsylvania would not be barred as untimely. Petitioner's appeal of his underlying conviction was recently denied by the Third Circuit Court of Appeals (November 9, 2011). It is unclear at this point whether Petitioner intends to file a petition for certiorari with the United States Supreme Court. If no petition for writ of certiorari is filed with the United States Supreme Court, Petitioner's conviction will become final 90 days after the Court of Appeal's decision. If Petitioner files a

petition for certiorari and it is denied by the United States Supreme Court, his conviction will become final on the date of the denial. Once Petitioner's conviction becomes final, Petitioner will have one year to file his Section 2255 Motion.[4] Thus, the undersigned finds that the interest of justice does not warrant the transfer of this matter. Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Therefore, Petitioner's Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

---

[4] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)     the date on which the judgment of conviction becomes final;

2.     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

3.     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: December 6, 2011.

R. Clarke VanDervort
United States Magistrate Judge

7